UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09-CR-087-SDJ |
| | § | |
| DONNELL WALTERS (17) | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Donnell Walters' Motions for Sentence Reduction Pursuant to Section 404 of the First Step Act. (Dkt. #984, #1006).[1] The United States filed a response, (Dkt. #1011), and a supplemental response, (Dkt. #1018), in opposition. Having considered the motions, the responses, and the applicable law, the Court **DENIES** the motions.

### I. BACKGROUND

On June 11, 2009, Walters and seventeen codefendants were charged by indictment with conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C §§ 841 and 846. (Dkt. #1). On August 19, 2010, a superseding indictment was filed against Walters and eight codefendants charging them with the same offense. (Dkt. #428). On September 24, 2010, the Government filed a notice of sentence enhancement indicating that Walters had four prior drug convictions, which

---

[1] Walters' second Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act is virtually identical to his first Motion. In his second Motion, Walters updates the Court about his age and the number of months he has been incarcerated.

1

the Government intended to rely on for purposes of increased punishment pursuant to 21 U.S.C. §§ 841 and 851. (Dkt. #466).

Walters' jury trial began on October 25, 2010, before United States District Judge Richard A. Schell. On November 10, 2010, the jury returned a verdict, finding Walters guilty. (Dkt. #531 at 2). The jury also found that the quantity of controlled substances attributable to Walters within the scope of the conspiracy was fifty grams or more of a mixture or substance containing cocaine base. (Dkt. #531 at 10).

The Court sentenced Walters as a career offender under U.S.S.G. § 4B1.1(a), based on his two prior convictions for delivery of a controlled substance (cocaine), to 360 months' imprisonment on May 2, 2012. (Dkt. #796 at 2); (Dkt. #703 at 30). At Walters' sentencing hearing, Judge Schell stated that he was sentencing Walters under the Fair Sentencing Act. (Dkt. #703 at 18). Walters' conviction was upheld on appeal. *United States v. Akins*, 746 F.3d 590, 606 (5th Cir. 2014).

On June 12, 2019, the Court appointed the Federal Public Defender's ("FPD") office to assist Walters in his attempt to seek relief under the First Step Act of 2018 ("FSA"). (Dkt. #909). Almost two years later, the FPD filed a motion to withdraw as counsel of record, stating that counsel had evaluated whether a motion for a sentence reduction pursuant to Section 404 of the FSA was warranted and determined not to file a sentence-reduction motion. (Dkt. #978 at 1). The Court granted the motion to withdraw. (Dkt. #979).

Walters then filed the instant motions for a sentence reduction under Section 404 of the FSA. When he filed his second motion, Walters asserted that he had served

154 months of his 360-month sentence and requested a reduction of his sentence to time served and his term of supervised release to five years.

Notably, in addition to the FPD's decision not to file a sentence-reduction motion, the United States Probation Office reviewed Walters' case to determine whether he would be entitled to any relief under the FSA. After reviewing Walters' case, a supervisory United States Probation Officer initially concluded that Walters would not be entitled to any relief. On further review, a supervisory United States Probation Officer determined that Walters was possibly eligible for a sentence reduction. *See infra* Part III.B.

## II. LEGAL STANDARD

Section 404 of the FSA gives courts discretion to reduce sentences for "defendants convicted of certain crack cocaine offenses . . . as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act of 2010 ('FAIR') were in place at the time the offenses were committed." *United States v. Stewart*, 964 F.3d 433, 433 (5th Cir. 2020); *see also United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021); First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).[2] A defendant must meet three criteria to be eligible for a sentence reduction under Section 404: "(1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits."

---

[2] A motion for a reduction of sentence under Section 404 may be filed by the defendant, the Director of the Bureau of Prisons, an attorney for the Government, or the court. Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.

*Abdul-Ali*, 19 F.4th at 837 (quoting *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020)). A "covered offense" is a violation of a federal criminal statute for which the statutory penalties were modified by Section 2 or 3 of FAIR that was committed before August 3, 2010. Pub. L. 115-391, § 404(a), 132 Stat. at 5222.

FAIR took effect on August 3, 2010, and its more lenient mandatory minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). Under the FSA, eligibility for resentencing "does not equate to entitlement," as the statute clearly states, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Batiste*, 980 F.3d at 471 (quoting Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222).

The United States Supreme Court recently clarified the scope of the FSA. *Concepcion v. United States*, 213 L. Ed. 2d 731, 142 S. Ct. 2389 (2022). In *Concepcion*, the Supreme Court held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Id*. at 2404. Although "the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction," the district court is required "to demonstrate that it has considered the arguments before it." *Id* at 2404-2405. "Of course, a district court is not required to be persuaded by every argument

4

parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id*. at 2404.

### III. DISCUSSION

Though Walters meets the first and third criteria for eligibility for a sentence reduction under Section 404, he does not meet the second. Accordingly, Walters is ineligible for a sentence reduction under Section 404, and the Court will deny his motion.

**A. Walters' Lack of Eligibility under the FSA**

The parties do not dispute that Walters' offense is a "covered offense" under Section 404(a). Section 2 of FAIR amended the amount of crack cocaine involved in an offense to trigger mandatory statutory minimums and maximums under 21 U.S.C. § 841(b)(1), the statute under which Walters was convicted. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Additionally, Walters has not previously filed a motion under the FSA that was denied on the merits. He therefore meets the first and third eligibility criteria.

However, FAIR was enacted in August 2010, and was therefore in effect when Walters was sentenced nearly two years later, even though it was not in effect at the time of Walters' offense. As a number of courts have noted, Section 404 of the FSA is not applicable to those, like Walters, who were sentenced on or after FAIR's effective date. *See United States v. Brown*, No. 20-6409, 2022 WL 2135265, at *2 (6th Cir. Mar. 16, 2022); *see also United States v. Walker*, No. 20-10912-H, 2020 WL 5506392, at *2 (11th Cir. Aug. 25, 2020) (holding that Section 404 of the FSA does not apply to

defendants convicted and sentenced after August 3, 2010). Walters was sentenced in accordance with FAIR, as Judge Schell explicitly noted during Walters' 2012 sentencing hearing. (Dkt. #703 at 18).

Additionally, Walters' sentence clearly comports with FAIR. Before FAIR went into effect in 2010, 21 U.S.C. § 841(b)(1)(A)(iii) required that, to trigger a mandatory minimum of ten years' imprisonment and a maximum of life, the offense need only involve fifty grams of a substance containing cocaine base. If the defendant has prior felony drug offenses, the statutory mandatory minimum increases. Thus, had Walters been sentenced prior to FAIR's enactment, he would have been sentenced in accordance with Section 841(b)(1)(A)(iii). But FAIR amended Section 841(b)(1)(A)(iii) by increasing the fifty-gram threshold to 280 grams, and it similarly amended Section 841(b)(1)(B)(iii) by increasing the threshold quantity from five to twenty-eight grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. at 2372. Because Walters' offense involved fifty grams or more of cocaine base, Walters was sentenced under the amended Section 841(b)(1)(B)(iii).[3] Under this amended provision, an offense involving twenty-eight grams or more of cocaine base has a statutory mandatory minimum of five years and statutory maximum of forty years. However, if the defendant has one prior felony drug offense, the statutory mandatory minimum is increased to ten years and the statutory maximum to life imprisonment. 21 U.S.C.

---

[3] At Walters' sentencing hearing, Judge Schell concluded that there was insufficient evidence that 280 grams or more of cocaine base could be attributed to Walters. (Dkt. #703 at 8).

§ 841(b)(1)(B). Walters' statutory minimum was thus ten years, and his maximum was life.

Because Walters is a career offender, United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.1 applies. Under U.S.S.G. § 4B1.1(b), when a career offender's offense statutory maximum is life, as Walters' is pursuant to 21 U.S.C. § 841(b)(1)(B), his offense level is set to 37.[4] Additionally, U.S.S.G. § 4B1.1(b) provides that a career offender's criminal history category in every case under that subsection shall be Category VI. The Sentencing Table provides in turn that a defendant whose criminal history category is VI and whose offense level is 37 shall have a guideline range of 360 months' imprisonment to life imprisonment.[5] U.S.S.G. § 5.A (Sentencing Table). Walters was sentenced to 360 months, at the bottom of the applicable guideline range. Judge Schell noted this calculation during Walters' sentencing hearing. (Dkt. #703 at 7–9, 16, 18, 30–31).

In sum, because Walters was sentenced in accordance with FAIR he is not eligible for a sentence reduction under the FSA and his motion must be denied.[6]

---

[4] If the defendant's offense level is higher than 37 before the career-offender enhancement provided for under U.S.S.G. § 4B1.1(b), the higher level applies. U.S.S.G. § 4B1.1(b). That is not the case here.

[5] This is so both under the November 1, 2010, edition of the Guidelines Manual, used for Walters' sentencing, and the current version. *See* (Dkt. #630 ¶ 17).

[6] Walters also seeks a reduction in his term of supervised release. Walters' request is denied for the same reasons that the Court denied his request for a sentence reduction under the FSA.

**B. Walters' Additional Arguments**

Walters asserts two additional arguments in his motion, neither of which has merit. First, Walters argues that if he was sentenced today, he would not be a career offender, and that without the career offender enhancement, the guideline range for his sentence would be significantly lower than 360 months. (Dkt. #984 at 6–7). Walters contends that after he was sentenced, the Fifth Circuit determined, in an unrelated case, that the two Texas controlled substance offenses used to enhance his sentence could no longer be used for enhancement purposes. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Walters is correct on this point. Based on the holding in *Hinkle*, if Walters were sentenced today, he would no longer receive a career offender enhancement, and his sentencing guideline range would be significantly reduced, which explains why a supervisory United States Probation Officer determined that Walters was possibly eligible for a sentence reduction. However, because Walters was sentenced in accordance with FAIR, the Court is prohibited from considering Walters' argument. *Concepcion*, 142 S.Ct. at 2401-2402 ("A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act …"). Thus, the FSA does not allow the Court to consider Walters' argument.

Second, Walters argues that the 18 U.S.C. § 3553(a) factors favor a reduced sentence and urges the Court to consider these factors. (Dkt. #984 at 10–12). This argument is irrelevant, as Walters is ineligible for a sentence reduction under the FSA. And even if he were eligible, his motion would still fail because the sentencing

factors under 18 U.S.C. § 3553(a) weigh against him. Walters has failed to show how releasing him before he serves the full term of his sentence would align with the statutory sentencing factors—notably the seriousness of his offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar criminality. 18 U.S.C. § 3553(a).

While the Court commends Walters for maintaining friendships and familial relationships while incarcerated, he continues to present a danger to the community based on the totality of the circumstances. Walters was convicted of conspiring to manufacture, distribute, or possess with the intent to distribute 50 grams or more of cocaine base. *Akins*, 746 F.3d at 597. A cooperating witness testified that "he would sell Walters 'anywhere from an ounce to two ounces of crack' once a week in the summer of 2007, and that this quantity was consistent with the buyer being a dealer." *Id.* at 606.

Walters fails to show how his release reflects the seriousness of his offense, promotes respect for the law, and provides just punishment. Considering all the relevant factors, the Court concludes that the sentence originally imposed remains sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a). Walters' motion is therefore also denied on this basis.

**C. Walters' Motion to Dismiss Counsel**

Walters filed a Motion to Dismiss Counsel on June 17, 2021, (Dkt. #985), so that he could represent himself on the matters now pending before the Court. However, on March 31, 2021, the Court granted counsel's motion to withdraw as

counsel of record for Walters. *See* Dkt. #979. Accordingly, Walters' Motion to Dismiss Counsel, (Dkt. #985), is **DENIED as moot**.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Donnell Walters' Motions for Sentence Reduction Pursuant to Section 404 of the First Step Act, (Dkt. #984, #1006), are **DENIED**.

**So ORDERED and SIGNED this 16th day of May, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE